## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MOUNTAIN STATE LAND COMPANY,

        Plaintiff,

v.                           CIVIL ACTION NO.  5:08-cv-00049

DLH, et al.,

        Defendants.

### MEMORANDUM OPINION AND REMAND ORDER

Pending before the Court are Plaintiff's Motion to Remand [Docket 7] and Motion for Attorney Fees and Costs [Docket 7].  For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand, but **DENIES** Plaintiff's motion for attorney fees and costs.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 25, 2007, Plaintiff filed its original complaint against Defendants in the Circuit Court of Greenbrier County alleging liability based on four theories of recovery.  For purposes of this motion, the significant claim is Count IV, "Deprivation of Property Without Due Process." Specifically, in Count IV, Plaintiff alleged in the original complaint that Defendant Greenbrier County Commission (County Commission) "deprived Plaintiff of . . . property without due process in violation of the United States and West Virginia Constitutions on May 22, 2006."  (Docket 7-2 at 9.)

After the original complaint was filed, Defendants did not remove the case.  Rather, the County Commission filed a motion to dismiss alleging sovereign immunity.  In response, Plaintiff

filed a motion to amend Count IV of the original complaint to add the phrase "in violation of 42 U.S.C. § 1983," and add the words "acting under color of statute, ordinance, regulation, custom or usage of the State of West Virginia." (*See* Docket 1-6 at 47.)  Notably, in its motion to amend, which was filed on November 21, 2007, Plaintiff stated that "the immunity provisions of W. Va. Code § 29-12A-5(a)(9) do not apply to Plaintiff's [proposed] Amended Complaint, which alleges a 42 U.S.C. § 1983 claim." (*Id.*)  A copy of Plaintiff's amended complaint was attached to that motion.

Thereafter, by agreed order, Defendants permitted Plaintiff to file the amended complaint, which the circuit court entered on December 19, 2007.  Plaintiff filed its First Amended Complaint on January 7, 2008.  (*See* Docket 1-8 at 3; Docket 12 at 6.)  Defendants filed their Notice of Removal in this Court on January 22, 2008.

In their removal, Defendants maintain that the notice of removal is timely because it was filed within thirty days after receipt of Plaintiff's amended complaint which for the first time raised claims that were removable to this Court.  Specifically, Defendants assert that this Court has original jurisdiction over Plaintiff's amended complaint because it states that "[t]he County, acting under color of statute, ordinance[], regulation, custom or usage of the State of West Virginia deprived Plaintiff of . . . property without due process in violation of the United States Constitution on May 22, 2006." (Docket 1-13 at 4; Docket 1-8 at 9.)

Plaintiff filed the instant motion to remand on February 21, 2008, contending that the notice of removal is untimely for two reasons.  First, Plaintiff argues that this action was removable when the original complaint was filed on April 25, 2007 because it explicitly stated a claim under the United States Constitution.  Second, Plaintiff asserts that even if the original complaint was not

removable, Defendants' notice of removal was filed more than thirty days after they received Plaintiff's motion to amend the original complaint and the agreed order in circuit court allowing for the amendment, which, according to Plaintiff, are papers "from which it may be ascertained" that the case was removable.

Defendants respond by arguing that Plaintiff's original complaint was not removable because it failed to identify 42 U.S.C. § 1983 as the basis for its federal claim. Citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001), Defendants suggest that Plaintiff's original complaint merely referenced the United States Constitution and failed to allege that the County Commission violated any specific portion of it. Next, Defendants contend that the case became removable when Plaintiff filed its amended complaint on January 7, 2008, because only that document contained the specific allegation of a violation under § 1983. According to Defendants, no other pleading, motion, order, or other paper revealed a specific federal cause of action. Finally, Defendants assert that by including only a few words under Count IV, "Plaintiff actually alleged a new claim . . . [and] [t]herefore . . . revealed a new federal cause of action and established a new thirty-day time period for this Defendant to file for removal to federal jurisdiction." (Docket 12 at 8.)

Thus, the salient issue presented is whether Plaintiff's original complaint was removable when it alleged that the County Commission deprived Plaintiff of property without due process in violation of the United States Constitution, but did not allege that the County Commission's actions were in violation of 42 U.S.C. § 1983. The Court holds that this case was removable at that time, and further, even if it was not, that the action was removable at the latest on December 19, 2007 -- when the circuit court entered an order permitting Plaintiff to amend the original complaint.

## II.  DISCUSSION

A.      *Motion to Remand*

       1.      *Applicable Law*

Article III of the United States Constitution provides, in pertinent part, that "the judicial Power shall extend to Cases . . . arising under . . . [the] Constitution [and] the Laws of the United States . . . ."  Congress has authorized the federal courts to exercise federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Congress has also given parties the right to remove a case from state to federal court under 28 U.S.C. § 1441.  This statute states, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441 (b).  However, Congress has put certain restrictions on a defendant's ability to remove a case.  In particular, 28 U.S.C. § 1446 (b) reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In other words, "[t]he removal statute, 28 U.S.C. § 1446(b), provides that notice of removal of a case from state court to federal court shall be filed within 30 days after receipt of the initial

4

pleading or, in certain circumstances, within 30 days after receipt of a paper from which 'it may first be ascertained that the case is one which is . . . removable.'" *Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997).  Additionally, "[i]f a case is removable from the outset, it must be removed within the initial thirty-day period specified by section 1446(b); subsequent events do not make it more removable or again removable." *Hubbard v. Union Oil Co.*, 601 F. Supp. 790, 795 (S.D. W. Va. 1985) (Haden, J.) (internal quotation marks and citations omitted).

With respect to determining whether a cause of action states a federal question and is therefore removable, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Relevant to this case, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

To establish at what point it "may first be ascertained" that a case is removable, the Fourth Circuit has stated that it "will not require courts to inquire into the subjective knowledge of the defendant," but instead, it will "allow" district courts to "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper."  *Lovern*, 121 F.3d at 162.  In order to trigger the thirty-day period set forth in § 1446(b), the "initial pleadings or other papers" must provide "a clue" that removal is available.  *Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 662 (S.D. W. Va. 2001) (Goodwin, J.); *Link Telecommc'ns, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 541-42 (D. Md.

5

2000) (citing *Kaneshiro v. N. Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980)).

   2.   *Analysis*

Given the allegations in Plaintiff's original complaint, Defendants were certainly provided with "a clue" that removal was available because the complaint stated a claim based on the County Commission's alleged deprivation of Plaintiff's property without due process in violation of the United States Constitution.

In *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.*, 668 F.2d 962, 964 (7th Cir. 1982), the plaintiff's original complaint, similar to the original complaint in this case, alleged both state and federal constitutional violations.  Several months later, the plaintiff amended his complaint to allege violations of various federal statutes, including 42 U.S.C. § 1983.  *Id.* at 965. The Seventh Circuit held that the defendant's effort to remove after the plaintiff filed the amended complaint was untimely because the original complaint was removable despite neglecting to reference § 1983.  *Id.* at 966; *see also Bartholomew v. Town of Collierville*, 409 F.3d 684, 685 (6th Cir. 2005) (noting, without discussion, the district court's decision to remand a case as untimely where the first amended complaint was removable when it alleged violations of the Tennessee and United States Constitutions).

The Court finds the Seventh Circuit's decision in *Wilson* persuasive.  Like the plaintiff in *Wilson*, Plaintiff in this case tendered its fundamental federal claim, that the County Commission had violated its due process rights under the U.S. Constitution, at the very outset.  *See* 668 F.2d at 965. In *Wilson*, the plaintiff's amended complaint "added one purely procedural count which clearly did not alter the character of the suit . . . ."  *Id.*  In this case, Plaintiff did not add another count,

6

rather it simply added a few words to the existing count.  Plaintiff's language in the original complaint that the County Commission "deprived Plaintiff . . . property without due process in violation of the United States and West Virginia Constitutions on May 22, 2006[]" clearly gave Defendants notice that Count IV, at least in part, arose under the United States Constitution.  It did not, however, reveal a new federal cause of action -- as was also the case in *Wilson*.  *Id*. at 966.

Defendants cite *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) in support of their argument that "Plaintiff merely referenced United States Constitutional law in the [original c]omplaint, and failed to allege that this Defendant violated any specific portion of the United States Constitution . . . ." (Docket 12 at 5.)  However, that case is clearly distinguishable.  In *Howery*, after filing ten amended complaints, the plaintiff "mentioned for the first time 'Federal Trade Commission rules, regulations, and statutes.'" *Id*. at 915.  Specifically, the plaintiff's complaint stated:

> The acts, omissions, and other wrongful conduct of Allstate complained of in this petition constituted unconscionable conduct or unconscionable course of conduct, and false, misleading, or deceptive acts or practices. As such, Allstate violated the Texas Deceptive Trade Practices Act, Sections 17.46, et seq., and the Texas Insurance Code, including articles 21.21, 21.21-1, 21.55, and the rules and regulations promulgated thereunder, specifically including 28 TAC Section 21.3, et seq. and 21.203.
> . . .
> Allstate's destruction of [Howery's] file . . . constituted a further violation of the Texas Deceptive Trade Practices Act, for which plaintiff sues for recovery. Allstate also engaged in conduct in violation of the Federal Trade Commission rules, regulations, and statutes by obtaining Plaintiff's credit report in a prohibited manner, a further violation of the Texas Deceptive Trade Practices Act. . . .

*Id*.

Unlike the allegations in this case, the court held in *Howery* that "it appear[ed] that Howery's mention of federal law merely served to describe types of conduct that violated the DTPA, not to allege a separate cause of action under the FCRA. This conclusion is bolstered by the fact that the

7

complaint explicitly alleges that Allstate violated specific sections of the DTPA and Texas Insurance Code and regulations, but makes no explicit mention of any specific federal statute or regulation." *Id.* at 918.

Contrary to Defendants' argument, Plaintiff's original complaint alleges that the County Commission violated the United States Constitution by depriving it of property without due process. Plaintiff did much more than "merely reference" the United States Constitution; Plaintiff alleged a cause of action under it.

Accordingly, because Plaintiff's original complaint was removable and because Defendants did not remove this case within thirty days of the date in which the original complaint was filed, Plaintiff's motion to remand is **GRANTED**.* *See Hubbard*, 601 F. Supp. at 795.

In the alternative, even if the original complaint did not make this case removable, Defendants had notice of a federal claim, at the latest, when the circuit court entered its order allowing Plaintiff to amend the original complaint.

"[I]f the grounds for removal do not appear on the face of the initial pleading, then the thirty day removal period may be triggered upon 'receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Link Telecommc'ns, Inc.*, 119 F. Supp. 2d at 542 (quoting 28 U.S.C. § 1446(b)).  According to the Fourth Circuit, "[t]he 'motion, order or other paper' requirement is broad enough to include any information received by the

---

* The Court also notes that "the burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  Additionally, "[a]ny doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction."  *Marshall v. Manville Sales, Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

8

defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (quoting *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994)).

With the filing of the motion to amend Count IV of the original complaint and the agreed order entered by the circuit court, it was obvious that Plaintiff was amending its complaint to state a federal cause of action under § 1983. Those documents specifically included the same language that was located in the amended complaint. The Court is not persuaded by Defendants' argument that the existence of federal jurisdiction was only manifested upon the inclusion of the phrase "in violation of 42 U.S.C. § 1983" in the *filed* amended complaint. Defendants had knowledge that such an amendment was forthcoming prior to the amended complaint being filed. Because the motion to amend and agreed order gave Defendants notice that this case was removable, the thirty-day period began to run once those documents were received, which in this case was at the latest on December 19, 2007. Defendants' notice of removal was not filed until January 22, 2008, and was therefore untimely for these reasons as well.

B.    *Motion for Attorney Fees and Costs*

In addition, Plaintiff requests that Defendants be required to pay its costs and expenses incurred as a result of the removal and remand of this action. The Court **DENIES** Plaintiff's request.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Any such award is at the Court's discretion, and may be made whether or not removal was in bad faith. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). In *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141

(2005), the Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."

In this case, both parties presented plausible arguments regarding the propriety of Defendants' removal.  Further, the Court **FINDS** that Defendants' arguments were made in good faith, and that Defendants had an objectively reasonable basis for removal.  *See Martin*, 546 U.S. at 141.  Thus, an award of attorney fees and costs is not appropriate, and Plaintiff's motion is **DENIED**.

### *III.  CONCLUSION*

For the reasons stated above, Plaintiff's Motion to Remand [Docket 7] is **GRANTED**, but Plaintiff's Motion for Attorney Fees and Costs is **DENIED** [Docket 7].  The Court **REMANDS** this case to the Circuit Court of Greenbrier County for further proceedings.  The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Remand Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Greenbrier County.

ENTER:      August 26, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

10